UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN REED COUVILLION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-590** |
| **SHERIFF JOSEPH LOPINTO, III, ET AL.** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jonathan Reed Couvillion, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil action against Jefferson Parish Sheriff Joseph Lopinto, III, and Sergeant L. Preatto. In his complaint, plaintiff alleged that the defendants failed to comply with Louisiana Code of Criminal Procedure article 230.1.[1] He stated that he was asserting claims under both federal and state law.

---

[1] That article provides:

> A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.
>
> B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
>
> C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released on his own recognizance.
>
> D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

La. C.Cr.P. art. 230.1.

To better understand plaintiff's claims, the Court held a Spears hearing in this matter on April 12, 2024. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At that Spears hearing, plaintiff testified as follows: Plaintiff was arrested on December 16, 2023, pursuant to an attachment. After his arrest, he was not taken to court until December 29, 2023. That initial court appearance, which was held via Zoom, was his arraignment. At that arraignment, he was represented by appointed counsel and entered a plea of not guilty.

After the Spears hearing, counsel for the defendants provided the Court with copies of records relating to plaintiff's state criminal proceeding. Those documents, which have been filed into this federal record and provided to plaintiff for his use in this proceeding, show that (1) a magistrate judge set a $10,000 bond in plaintiff's case within seventy-two hours of his arrest[2] and (2) a state district court judge, on February 21, 2024, found that plaintiff was not currently competent to stand trial.[3]

Considering the evidence showing that plaintiff was found not competent to stand trial in the state criminal proceeding, the Court must first determine what effect, if any, that finding has in this federal civil proceeding.

---

[2] Rec. Doc. 6-1, pp. 1-2. It appears that the bond was set without a hearing and without plaintiff being present.
[3] Id. at p. 3.

2

The Federal Rules of Civil Procedure provide that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed R. Civ. P. 17(c)(2). Some district courts within this federal Circuit have "concluded that legal adjudication of incompetence, when brought to the court's attention, results in Federal Rule of Civil Procedure 17(c)(2)'s provisions being 'brought into play.'" Punch v. Victoria County Jail Medical Department, Civ. Action No. 6:22-CV-00022, 2023 WL 5613411, at *4 (S.D. Tex. Feb. 7, 2023) (quoting Schreck v. City of Amarillo, No. 2:21-CV-220, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021) and Maas v. BP Exploration & Production, Inc., Civ. Action No. 20-335, 2020 WL 3868447, at *2 n.5 (E.D. La. July 8, 2020)), adopted, 2023 WL 5616177 (S.D. Tex. Aug. 30, 2023). That said, the United States Fifth Circuit Court of Appeals has held that a state court's determination that an individual is incompetent to stand trial in his criminal proceedings does not **necessarily** mean that he is incompetent for the purposes of Rule 17. Spence v. Harrison-Dunn, No. 20-20498, 2021 WL 5409240, at *1 (5th Cir. Nov. 18, 2021).

In any event, this Court need not determine plaintiff's competence at this juncture, because, even if the Court simply assumes that he is in fact incompetent, "'Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed.'" Adelman ex rel. Adelman v. Graves, 747 F.2d 986, 989 (5th Cir. 1984) (quoting Roberts v. Ohio Casualty Insurance Co., 256 F.2d 35, 39 (5th Cir. 1958)). For example, "[a] court may … dismiss an action without prejudice – that is, without reaching the merits – without appointing a guardian ad litem, if it is clear that no substantial claim could be asserted on

the incompetent person's behalf based on the allegations in the complaint." Punch, 2023 WL 5613411, at *4. That option is appropriate where the plaintiff's allegations "fail to survive screening pursuant to [28 U.S.C.] § 1915(e)(2)." Id. at *5. And, for the following reasons, that is precisely the situation here.

That screening statute, which applies to cases, such as this one, which have been filed *in forma pauperis*, provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ...
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[4]

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

---

[4] Because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

In the instant case, plaintiff indicates that he is asserting federal claims pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, after alleging that the defendants violated Louisiana Code of Criminal Procedure article 230.1, plaintiff stated his federal causes of action as follows: "[T]he defendants, acting individually and together, under color of law, acted to violate the Plaintiff's **right to due process**,

5

**the right to counsel** as protected by the **6th and 14th Amendments** to the United States Constitution and 42 U.S.C. § 1983."[5]

The flaw in plaintiff's federal claims, however, is that they are premised on purported violations of state law, namely, article 230.1, and violations of state law are not actionable under 42 U.S.C. § 1983.  See, e.g., Hayes v. Herford, No. 22-cv-0872, 2022 WL 2446498, at *2 (W.D. La. June 13, 2022) ("Plaintiff's claim [that the defendants failed to abide by the provisions of art. 230.1] alleges a violation of State law, at worst, and therefore is insufficient to state a claim for which relief may be granted pursuant to § 1983."), adopted, 2022 WL 2444946 (W.D. La. July 5, 2022); Delaney v. Ackal, Civ. Action No. 09-1643, 2009 WL 5195935, at *5 (W.D. La. Dec. 30, 2009) (same).

Moreover, article 230.1 does not give rise to a constitutionally protected liberty interest, and, therefore, failure to comply with that article does not constitute a federal due process violation under the Fourteenth Amendment.  LaFrance v. City of New Orleans, Civ. Action No. 16-14439, 2017 WL 3277291, at *4-5 (E.D. La. June 19, 2017); see also Dominick v. Stone, Civ. Action No. 19-0503, 2019 WL 2932817, at *3-4 (W.D. La. June 14, 2019), adopted, 2019 WL 2932756 (W.D. La. July 8, 2019).

Plaintiff's Sixth Amendment claim is likewise meritless.  The United States Supreme Court has held that "once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings."  Montejo v. Louisiana, 556 U.S. 778, 786 (2009).  The Supreme Court has further held that "a criminal defendant's initial appearance before a judicial officer, where he learns the

---

[5] Rec. Doc. 1, p. 8 (emphasis added).

charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." Rothgery v. Gillespie County, 554 U.S. 191, 213 (2008). At the Spears hearing, plaintiff testified that he had appointed counsel at his initial court appearance on December 29, 2023. Therefore, he was not without counsel at any critical stage of the criminal proceeding, and so he has not stated a claim for a Sixth Amendment violation. See Dominick, 2019 WL 2932817, at *4.

Lastly, to the extent that plaintiff is asking this Court to exercise supplemental jurisdiction to consider the merits of his state law claims, that invitation should be declined in light of the fact that he has no cognizable federal claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); see also Jackson v. Mizzel, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER RECOMMENDED** that plaintiff's claims under state law be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2nd day of May, 2024.

                                                     */s/ Janis van Meerveld*
                                                   **JANIS VAN MEERVELD**
                                                   **UNITED STATES MAGISTRATE JUDGE**